IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. 1:18cv21148 |
| v. | ) ) ) |
| CORAL GABLES TRUST COMPANY, | ) ) |
| Defendant. | ) ) ) |

## PLAINTIFF EEOC'S COMPLAINT AND JURY TRIAL DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Jacqueline Grainger.  As alleged with greater particularity in paragraph(s) 10 and 11 below, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Coral Gables Trust Company ("CGTC") subjected Charging Party to a sexually hostile work environment and retaliated against her when she complained.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Coral Gables Trust Company ("CGTC"), a Florida Corporation, has continuously been doing business in the State of Florida and the City of Coral Gables, and has continuously had at least 15 employees.

5. At all relevant times, Defendant CGTC has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Charging Party Jacqueline Grainger filed a charge with the Commission alleging violations of Title VII by Defendant CGTC.

7. On May 19, 2017, the Commission issued to Defendant CGTC a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On October 23, 2017, the Commission issued to Defendant CGTC a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least February 2015, Charging Party Jacqueline Grainger was subjected to unlawful employment practices at Defendant CGTC's offices in Coral Gables, Florida and other locations in South Florida, in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2(a) including a hostile work environment based on her sex (female). After Charging Party Jacqueline Grainger was hired as an Executive Assistant and Marketing Officer in or around January 2015, the hostile work environment consisted of unwelcome verbal and physical harassment based on her sex at CGTC's Coral Gables office and at various locations throughout South Florida that Grainger attended on business trips.

11. Since at least January 2017, Defendant CGTC has engaged in unlawful employment practices at its offices in Coral Gables, Florida, in violation of Section 704 of Title VII, 42 U.S.C. 2000(e)-3(a) by retaliating against Charging Party Grainger after she complained about being subjected to the hostile work environment.

12. The effect of the practices complained of in paragraph(s) 10 and 11 above has been to deprive Charging Party Grainger of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and her opposition to unlawful practices.

13. The unlawful employment practices complained of in paragraphs 10 and 11 above were intentional.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant CGTC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting its female employees to a hostile work environment based on their sex (female) and from retaliating against employees who complain of such conduct.

B. Order Defendant CGTC to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant CGTC to make whole Charging Party Grainger, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant CGTC to make whole Charging Party Grainger by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 and 11 above, in amounts to be determined at trial.

E. Order Defendant CGTC to make whole Charging Party Grainger by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 and 11 above, including emotion pain and suffering, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: March 27, 2018

                                Respectfully Submitted,

JAMES L. LEE
Deputy General Counsel
GWENDOLYN Y. REAMS
Associate General Counsel

U.S. EEOC
131 M Street, NE
Washington, D.C. 20507


ROBERT E. WEISBERG
Regional Attorney
KIMBERLY CRUZ
Supervisory Attorney


/s/ Ana Consuelo Martinez
ANA CONSUELO MARTINEZ
Trial Attorney
Government Bar No. A5501912

U.S. EEOC
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
Tel:  (305) 808-1803
Fax: (305) 808-1835
ana.martinez@eeoc.gov