IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. 1:18cv21148-JAL/JJO |
| v. | ) ) ) |
| CORAL GABLES TRUST COMPANY, | ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission ("EEOC"), and Defendant Coral Gables Trust Company ("Defendant" or "CGTC"). EEOC and Defendant are collectively referred to as the "Parties" throughout this Decree.

## INTRODUCTION

1.      EEOC filed this action on March 27, 2018, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, ("Title VII") to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Charging Party Jacqueline Grainger.

2.      EEOC alleges that CGTC violated Title VII by subjecting Charging Party Grainger to a sexually hostile work environment while she was employed at CGTC, and that CGTC unlawfully retaliated against and terminated Charging Party because of her sex. Defendant denies these allegations.

3.      In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  This Decree is final and binding on the Parties, their successors, and assigns.

4.      No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.  By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5.      If one or more of the provisions are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect.

6.      This Decree fully and finally resolves all claims set forth in the Complaint filed by EEOC in this action and in EEOC Charge Number 510-2017-01606 filed by Charging Party Jacqueline Grainger.   The Parties acknowledge that this Decree does not resolve any Charges of Discrimination that may be pending with EEOC against CGTC other than the Charge Number referred to in this paragraph.

7.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

      a.      This Court has jurisdiction over the subject matter of this action and the Parties, and will retain jurisdiction for the duration of this Decree.

b.    No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

c.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Parties and the public interest are adequately protected by this Decree.

d.    This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of Charging Party Grainger and the public.

e.    The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of CGTC.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

<u>**GENERAL INJUNCTIVE PROVISIONS**</u>

8.    Defendant, and Defendant's officers, managers, employees, agents, partners, successors and assigns, shall not subject female employees to a sexually hostile work environment.

9.    Defendant, and Defendant's officers, managers, employees, agents, partners, successors and assigns, shall not subject any present or former employees, including Charging Party, to any form of retaliation because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or assisting and/or participating in any manner in any investigation, proceeding, or lawsuit as a result of an employment practice in violation of Title VII.

## MONETARY RELIEF

10.     Within five (5) calendar days following the Court's execution of this Decree, Defendant shall pay monetary damages totaling $180,000.00.  This $180,000 shall be the full and final amount Defendant shall pay to settle claims brought by the EEOC, and will be distributed as follows: $30,000 in back pay for which a W-2 will issue and $150,000 for which a 1099 form(s) shall issue. Defendant will make all applicable withholdings from the back pay award for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"). Defendant will be responsible for paying their employer share of any costs, taxes, or Social Security required by law to be paid. Defendant will issue a W-2 statement as to the back pay award, and will issue withholding statements detailing all legal withholdings made at the time the checks are issued. Defendant shall also issue a 1099 form for amounts identified above as constituting compensatory damages. Defendant shall send all checks and documents referenced in this paragraph to Charging Party care of Anne Janet H. Anderson, Lapin & Leichtling, LLP, 255 Alhambra Circle, Suite 1250, Coral Gables, Florida 33134 and ajanderson@ll-lawfirm.com.

11.     Copies of the payments and related documents (including copies of W-2's and Form 1099's) shall be sent contemporaneously with checks, forms and/or other communications to the attention of EEOC Regional Attorney, Robert E. Weisberg, Re: Coral Gables Trust Company Consent Decree, at robert.weisberg@eeoc.,gov and by mail to EEOC Regional Attorney Robert E. Weisberg, Re: Coral Gables Trust Company Consent Decree, United States Equal Employment Opportunity Commission, Miami District Office, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

12.     If Defendant fails to tender the payments described in Paragraph 10 above, then Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay.

## POSITIVE JOB REFERENCE

13.     If at any time, either during or after the term of this Consent Decree, Defendant receives any inquiries regarding the employment of Charging Party, in lieu of an oral response, Defendant shall provide a copy of the letter attached as Exhibit A. No mention of the charge of discrimination or this lawsuit shall be made as part of any reference.

14.     During the term of this Decree, within fourteen (14) calendar days of responding to any inquiry regarding the employment of any Charging Party, Defendant shall report compliance to the EEOC, including the name and address of the person or entity to whom the letter was provided.

## EEO CONSULTANT

15.     Within thirty (30) calendar days from the Court's execution of this Decree, CGTC shall retain the services of an Independent EEO Consultant, who has no previous relationship with Defendant or any of its employees, owner or agents, whom the Parties jointly select. Each party shall propose two (2) consultants. Each proposed consultant must submit a statement of independence, under oath, confirming that he or she has no prior relationship with Defendant or any of its employees, owner or agents. If the parties are unable to agree on an EEO consultant, the proposed consultants will be presented to the Court, who will then select from the list of four (4) proposed consultants.

16.     The EEO Consultant will perform services to ensure compliance with this Decree as outlined *infra*. The EEO Consultant will have the authority and obligation to:

a.   Receive any and all complaints of sex-based harassment, discrimination, and/or retaliation in Defendant's workplace;

b.   Investigate independently and confidentially any and all complaints of sex-based harassment, discrimination, and/or retaliation in Defendant's workplace;

c.   Make recommendations to Defendant regarding the appropriate disciplinary or corrective action, if any, that should be taken to resolve the complaint;

d.   Maintain detailed written records of all complaints, the investigation of such complaints and the disposition of such complaints;

e.   Forward to Defendant copies of the written records described above, in intervals negotiated by Defendant and the EEO Consultant but with no less frequency than required to comply with the Reporting requirements of this Consent Decree as described below.

17.     As set forth above, once the EEO Consultant has investigated a harassment, discrimination, and/or retaliation complaint, the EEO consultant will make recommendations to Defendant regarding the appropriate disciplinary or corrective action, if any, that should be taken to resolve the complaint.  Defendant shall carry out the recommended action within thirty (30) calendar days unless Defendant believes and can demonstrate good cause as to why the remedial measure is unduly burdensome. In such case, the EEOC and Defendant shall meet and confer within twenty (20) calendar days of the consultant's recommended remedial measures. The EEO Consultant shall provide both parties with its investigative report, recommendations and investigation file ten (10) calendar days prior to the meet and confer.

18.     The EEO Consultant shall, to the maximum extent practicable and consistent with the EEO Consultant's obligations, work collegially, non-disruptively, and cooperatively with Defendant so as not to unduly interfere with Defendant's operations.

19.     Defendant will cooperate with the EEO Consultant to the maximum extent possible to enable the EEO Consultant to fulfill the obligations outlined in this Consent Decree.

20.     All costs incurred for the EEO Consultant's services will be paid by Defendant.

## ADOPTION AND DISTRIBUTION OF REVISED POLICY AGAINST SEX DISCRIMINATION

21.     CGTC will implement its revised sexual harassment policy (the "Policy"), consistent with this Decree.

22.     The Policy shall include a formal, written procedure for raising allegations of sexual harassment. The procedure must specify the following:

      a.  Complaints of sex-based harassment, discrimination, and/or retaliation may be made to one of two Board members (at the time of this Decree these shall include Edward Blumberg and Ramona Lacy);

      b.  CGTC will notify the EEO Consultant of all complaints of sex-based harassment, discrimination, and/or retaliation in CGTC's workplace within five (5) business days.

23.     The Policy will continue to define prohibited conduct and specifically prohibit sex-based harassment, discrimination, and/or retaliation discrimination against all employees, as well as CGTC customers and clients.

24.     The Policy will continue to provide examples of prohibited conduct, including but not limited to the following:

a. Verbal: Jokes, insults and innuendoes based on sex; degrading sexual remarks; comments or questions on a person's body or sex life; pressures for sexual favors; and use of inappropriate sexually offensive language.

b. Non-Verbal: Gestures; staring; touching, hugging, and patting; blocking a person's movement; standing too close; brushing against a person's body; and displaying sexually suggestive or degrading pictures.

25.   The Policy will continue to specify the following:

a. Prohibited behavior will not be tolerated from its employees, customers, clients and any other persons present at any of Defendant's premises or at any place where Defendant conducts business, including locations where employees travel on business for Defendant.

b. Employees who make such complaints or provide information related to such complaints will be protected against retaliation;

c. Employees will not be required to complain of sex-based discrimination directly to the individual that is engaged in the discriminatory behavior;

d. Defendant will take immediate and appropriate corrective action when the company/EEO Consultant determines that sex-based discrimination has occurred; and

e. Employees who violate the policy are subject to discipline, up to and including discharge.

26.   A Copy of the Policy will be provided to the EEOC within thirty (30) calendar days of the Court's execution of this Decree.  Thereafter, copies of the Policy will be distributed to each

of CGTC's employees and managers within sixty (60) calendar days of the Court's execution of this Decree.

27.      The Policy shall also be included in any handbook, policy or employee manual maintained by CGTC. The Policy will also be kept and maintained in a conspicuous and accessible place for all employees of CGTC at each of CGTC's locations in Coral Gables, Fort Lauderdale, and West Palm Beach, and printed in a font that is easily legible (at least 12 point font).

28.      New employees will receive a copy of the Policy on their first day of employment.

## TRAINING

29.      Defendant shall provide two hours of live training on an annual basis to Defendant's Chairman, Vice Chairman, Managing Directors, Executive Officers, Human Resources Manager, and any other manager or supervisor. These trainings shall be collectively referred to as the "Management Trainings" throughout this Decree. The Management Trainings shall include the following: (1) an explanation of the prohibition against sex discrimination and the prohibition against retaliation under Title VII of the Civil Rights Act of 1964; (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and CGTC's Policy; and (3) guidance on handling sex-based allegations and other EEO complaints.

30.      The Management Trainings shall occur on an annual basis during the term of this Decree, with the first Management Training taking place within sixty (60) calendar days of the Court's execution of this Decree. The remainder of the Management Training sessions shall take place annually and no later than June 1st of each year throughout the duration of the Decree.

31.      Defendant shall continue its training and counseling of Defendant's Chief Wealth Advisor, John Harris (referred to herein as the "Harris Individual Training") and provide two

hours of live one-on-one within sixty (60) calendar days of the Court's execution of this Decree. This training shall be individualized and shall cover the following topics: (1) the prohibition against creating a sexually hostile work environment based on sex; (2) the prohibition against sex discrimination; (3) the prohibition against retaliation for objecting to discrimination or participating in a complaint, investigation, etc. of discrimination; and (4) CGTC's anti-harassment and anti-gender discrimination policies. After the first Harris Individual Training, Mr. Harris shall participate in the second- and third-year annual Management Trainings.

32.     Defendant shall also provide all current employees (to include all employees not covered by the Management Trainings or Harris Individual Training) with two (2) hours of live training on an annual basis during the term of this Decree (the "Employee Training"). The first Employee Training shall take place within sixty (60) calendar days of the Court's execution of this Decree. The remainder of the Employee Trainings shall take place annually and no later than June 1st of each year throughout the duration of the Decree.

33.     The Employee Training shall include the following: (1) an explanation of the prohibition against sex discrimination and the prohibition against retaliation under Title VII of the Civil Rights Act of 1964; and (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and CGTC's Policy.

34.     The Management Trainings, Harris Individual Training and the Employee Training shall be conducted by an independent organization with expertise in equal employment opportunity laws mutually agreed upon with EEOC. Defendant agrees to provide EEOC with at least three (3) weeks' notice before conducting training sessions pursuant to this Decree. In the notice, Defendant shall notify EEOC of the dates on which training is scheduled, the name and job title

of the person(s)/organization who will conduct the training, a resume of the person conducting the training, and the name and job title of each person who will attend the training.

35.    Defendant agrees to provide EEOC, upon request, with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions. Additionally, Defendant agrees that the EEOC may, at the EEOC's discretion, be in attendance at any Management and Employee training session.

## POSTING OF NOTICE

36.    Within ten (10) business days from the Court's execution of this Decree, Defendant shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit B to this Decree at each of Defendant's facilities in a conspicuous location, easily accessible to and commonly frequented by Defendant's employees.  The Notice shall remain posted for three (3) years from the date of entry of this Decree.  Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.  Within fifteen (15) business days from the Court's execution of this Decree, Defendant shall certify to EEOC in writing that the Notice has been properly posted as described in this paragraph.

## MONITORING AND REPORTING

37.    Defendant shall furnish to EEOC written Reports twice annually for a period of three (3) years following entry of this Decree.  The first report shall be due six (6) months after entry of the Decree and thereafter by June 30, and December 30 annually.  Each such Report shall contain:

> a. A certification that the Notice required to be posted in Paragraph 36, above, remained posted during the entire six (6) month period preceding the Report.

b. A description of each complaint of sex-based discrimination received by Defendant within the six (6) month period preceding the report, whether verbal or written, formal or informal, including the names, last known home addresses, home telephone numbers, and cellular telephone numbers of the complaining parties;

c. A description of what action, if any, Defendant took in response to the complaint of discrimination;

d. The names of any witnesses to each complaint; and

e. The resolution of each complaint occurring within the six (6) month period preceding the report.

f. In the event there is no complaints of sex-based discrimination, Defendant shall send the EEOC a report indicating no activity.

38.     The EEOC may review compliance with any and all provision of this Decree.

39.     As part of such review, EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents. Defendant will make all employees available to EEOC, and shall permit employees to speak confidentially with EEOC for purposes of verifying compliance with this Decree with reasonable advance notice to CGTC.

## NOTIFICATION OF SUCCESSORS

40.     Defendant shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of the Decree.

## DURATION OF THE DECREE

41.     The duration of the Decree shall be in effect for a period of three (3) years immediately following the Court's execution of the Decree.

## DISPUTE RESOLUTION

42.     In the event that EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, EEOC will notify Defendant and Defendant must make a good faith attempt to cure any breach of the Decree within fifteen (15) business days of notification. The fifteen (15) business days to cure provision of this Paragraph shall not apply, however, to the payment required by Paragraph 10 above.

43.     Following the fifteen (15) business days to cure period, EEOC shall have the right to seek Court intervention.

44.     No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon breach of any of the terms of this Decree. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree. The Court will retain jurisdiction over any such enforcement proceeding during the duration of this Consent Decree. Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree in the event that Defendant fails to perform any of the promises or representations herein.

## COSTS

45.     Each party to this Decree shall bear its own costs associated with this litigation.

14

46.     Defendant shall bear all costs incurred by EEOC caused by Defendant's non-compliance

with this Decree, including but not limited to any and all costs arising out of EEOC's efforts to

enforce this Decree or remedy any breach in this Court.


**SO ORDERED, ADJUDGED AND DECREED,** this ___3___ day of _April_,

2018

_____

THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____                    Date: 3/13/18

Robert E. Weisberg, Regional Attorney
U.S. Equal Employment Opportunity Commission
Miami District Office
Miami Tower
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835

FOR THE DEFENDANT, CORAL GABLES TRUST COMPANY

By: _____                    Date: 3/13/19

Cheryl L. Wilke
Hinshaw & Culbertson LLP
One East Broward Blvd., Suite 1010
Ft. Lauderdale, Florida 33301
Telephone: (954) 375-1144
Facsimile: (954) 467-1024

## EXHIBIT A

### REFERENCE [*TO BE PLACED ON CGTC LETTERHEAD*]

Dear _____,

This letter is in reference to your request for information regarding the employment of Ms. Jacqueline Grainger.

Ms. Grainger served as a Marketing Officer and Executive Assistant for Coral Gables Trust Company from February 2015 through April 2017. Ms. Grainger successfully performed her duties as a Marketing Officer and Executive Assistant throughout her time with the company. Company policy prevents us from disclosing further information about Ms. Grainger's employment with CGTC, but please contact Ms. Grainger directly should you have any further questions.

I hope this information is helpful and that it satisfactorily answers your inquiry.

Sincerely,

_____
[CGTC Representative]

## EXHIBIT B

### NOTICE TO ALL CORAL GABLES TRUST COMPANY EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered into by the Coral Gables Trust Company ("CGTC") and the U.S. Equal Employment Opportunity Commission ("EEOC") in resolution of Case No.: _____, filed in the U.S. District Court for the Southern District of Florida. EEOC's lawsuit alleged that CGTC discriminated against an employee on the basis of her sex through a hostile work environment involving sexual harassment and retaliating against the employee after she complained. CGTC denies EEOC's allegations.

Federal law prohibits employers from discriminating against applicants and employees based on sex, national origin, religion, race, color, disability, or genetic information. Federal law also prohibits employers from retaliating against individuals who complain about or oppose discrimination or participate in any way in the processing of a complaint.

The terms of the Consent Decree between EEOC and CGTC require that CGTC:

1. Refrain from discriminating against any individual because of sex and from retaliating against any person who exercises his or her rights under federal anti-discrimination laws;

2. Pay monetary damages to the employee who was allegedly harmed by the discrimination;

3. Post this Notice to inform employees and applicants about the resolution of the lawsuit for 3 years;

4. Post notices advising employees and applicants of their right to equal employment opportunities;

5. Maintain and distribute a written policy prohibiting discrimination, including sexual harassment;

6. Provide annual training to all management individuals and all employees on federal laws prohibiting employment discrimination and on CGTC's anti-discrimination policy;

If you have any complaints of discrimination, you may contact EEOC at:

**www.eeoc.gov          (800) 669-4000          (305) 808-1740**

**THIS IS AN OFFICIAL NOTICE AND MUST NOT ALTERED, OR COVERED BY ANY OTHER MATERIAL BY ANYONE, AND MUST REMAIN POSTED UNTIL MARCH 2021**